

# OFFICE OF THE ATTORNEY GENERAL OF TEXAS

## AUSTIN

GERALD C. MANN
ATTORNEY GENERAL

March 21, 1939

Hon. W. M. Tucker
County Attorney
Wellington, Texas

Dear Sir:

Opinion No. O-441
Re: Construction of Article 793 and
920, Code of Criminal Procedure
of Texas.

Your request for opinion upon the following
questions:

"What would be the allowance per day
for a person convicted of a misdemeanor in
a county of less than 15,000 population?

"Is the Commissioner's Court allowed
under Article 793 C. C. P. to determine
the wages of prisoners for labor or impri-
sonment?"

has been received by this Department.

Collingsworth County, Texas, has a population
of 14,461, according to the last preceding Federal
census.

Article 793, Code of Criminal Procedure of
Texas now reads as follows:

"When a defendant is convicted of a
misdemeanor and his punishment is assessed
at a pecuniary fine, if he is unable to pay
the fine and costs adjudged against him,
he may for such time as will satisfy the
judgment be put to work in the workhouse, or
on the county farm, or public improvements

of the county, as provided in the succeeding Article, or if there be no such workhouse, farm or improvements, he shall be imprisoned in jail for a sufficient length of time to discharge the full amount of fine and costs adjudged against him; rating such labor or imprisonment at Three Dollars ($3) for each day thereof; provided, however, that in all counties in this State containing a population of not less than twenty-four thousand one hundred eighty (24,180) nor more than twenty-four thousand two hundred (24,200); or in any counties containing a population of not less than forty-one thousand (41,000) and not more than forty-two thousand (42,000); and in all counties having a population of not less than forty-three thousand and thirty (43,030) and not more than forty-three thousand and fifty (43,050); and all counties having a population of not less than thirty-seven thousand two hundred eighty-six (37,286) and not more than thirty-seven thousand two hundred ninety (37,290); and all counties having a population of not less than seven thousand one hundred (7,100) nor more than seven thousand one hundred fifty (7,150); and in counties containing a population of not less than thirty thousand seven hundred and seven (30,707) nor more than thirty thousand seven hundred and nine (30,709); and in counties containing a population of not less than twenty-seven thousand five hundred forty-nine (27,549) nor more than twenty-seven thousand five hundred fifty-one (27,551); and in counties containing a population of not less than nineteen thousand one hundred twenty-eight (19,128) nor more than nineteen thousand one hundred thirty (19,130); and in counties containing a population of not less than eighteen thousand eight hundred fifty-nine (18,859) nor more than eighteen thousand six hundred sixty-one

(18,661); and in counties containing a
population of not less than ten thousand
and thirteen (10,013) nor more than ten
thousand and fifteen (10,015), according
to the last preceding Federal Census, when
a defendant is convicted of a misdemeanor
and his punishment is assessed at a pecun-
iary fine, if he is unable to pay the fine,
if he is unable to pay the fine and costs
adjudged against him, he may for such time
as will satisfy the judgment be put to work
in the workhouse or on the county farm, or
public improvements of the county, as pro-
vided in the succeeding Article, or if there
be no such workhouse, farm or improvements,
he shall be imprisoned in jail for a suffi-
cient length of time to discharge the full
amount of fine and costs adjudged against
him, rating such labor and imprisonment
at not less than One Dollar ($1) per day
nor more than Three Dollars($3) per day.

"The Commissioners Court of each such
county as defined by population brackets above
in this State, at any regular or special
term, shall, by order made and entered in
the minutes of said Court, determine the rate
of wages to be paid convicts in their re-
spective counties for labor or imprisonment
per day in accordance herewith."

Article 793 of the Code of Criminal Procedure
in 1925 provided that when a defendant is convicted
of a misdemeanor and his punishment is assessed at a
pecuniary fine and that if he is unable to pay the fine
and costs adjudged against him that he could satisfy
the fine and costs by imprisonment in jail or by being
put to work in the workhouse or on the county farm or
public improvements of the county, rating such labor
or imprisonment at $3.00 for each day thereof. This
article was amended by the Acts of 1927, 40th Legisla-
ture, First Called Session, page 194, chapter 68,
Section 1, by reducing the rate from $3.00 per day
to $1.00 per day. This article was again amended by

the Acts of 1934, 43rd Legislature, Second Called Session, page 85, chapter 33, section1, by changing the rate from $1.00 per day to $3.00 per day. This article was again amended by the Acts of 1937, 45th Legislature, 1st Called Session, House Bill 45, Section 1, which is the present law above set out. It will be noted that the present Article 793, Code of Criminal Procedure provides generally that the rate shall be $3.00 throughout the State, but there are numerous exceptions which apply to counties of certain population brackets. Collingsworth County, Texas does not come within any of the population brackets set out in Article 793 and, therefore, the general rate of $3.00 is applicable to Collingsworth County.

Article 793a, 794a, 794b, 794c and 794d of the Code of Criminal Procedure are not applicable to Collings- worth County, Texas because Collingsworth County does not come within any of the population brackets named in said articles.

Article 920 of the Code of Criminal Procedure of Texas reads as follows:

"A defendant placed in jail on account of failure to pay the fine and costs can be discharged on habeas corpus by showing:

"1. That he is too poor to pay the fine and costs, and

"2. That he has remained in jail a suffi- cient length of time to satisfy the fine and costs, at the rate of three dollars for each day.

"But the defendant shall, in no case under this article, be discharged until he has been imprisoned at least ten days; and a justice of the peace may discharge the defendant upon his showing the same cause, by application to such justice; and when such application is granted, the justice shall note the same on his docket."

Article 920 of the Code of Criminal Procedure of Texas is found in chapter 2 of title 11 of the Code

of Criminal Procedure of Texas which relates to justice courts. Article 920 of the Code of Criminal Procedure, therefore, relates particularly and applies particularly to justice courts.

We have carefully considered the following cases cited by you in your able brief, towit:

Ex Parte Fernandez, 57 SW (2nd) 578
Ex Parte Polly, 12 SW (2nd) 16
Ex Parte Rowley, 15 SW (2nd) 1118
Ex Parte Heptinstall, 39 SW (2nd) 75

and we have reached the conclusion that there is no conflict between these cases.

The Rowley case was decided March 20, 1929, when the 1927 amended statute was in full force and effect which provided the rate of $1.00 per day for jail service or work upon the county farm or other improvements. The Ex Parte Polly case was decided February 27, 1929, at which time the 1927 amended article was in full force and effect which provided for the $1.00 per day rate abovementioned. The Ex Parte Heptinstall case was decided on the 10th day of June, 1931, at which time the 1927 amended article was in full force and effect which provided for the $1.00 per day rate abovementioned. In each of the above cases, Ex Parte Polly, Ex Parte Rowley and Ex Parte Heptinstall, the date of the offenses of which the defendants were convicted was after the date of the passage of the amended act of 1927 and prior to the passage of the amended act of 1934, and, therefore, the $1.00 per day rate legally applied. In neither of these three cases was the conviction in the justice court.

The case of Ex Parte Fernandez, 57 SW (2nd) 578 was decided February 15, 1933, by the Court of Criminal Appeals of Texas; the relator, Fernandez, was convicted in the justice court of a misdemeanor and his punishment assessed at a fine of $50.00 and costs, amounting to $16.00. The question in this case was whether or not the relator should be allowed $3.00 per day or $1.00 per day for his service in jail.

The court held in this case that Article 920 of the Code of Criminal Procedure was mandatory and the relator was allowed $3.00 per day for his services in jail. This opinion distinguished this case from the Ex Parte Polly case by saying that the conviction in the Polly case was in the El Paso County Court at Law. It distinguished the Ex Parte Hill case by saying that the conviction was in the District Court of Falls County, Texas. It distinguished the Ex Parte Rowley Case by saying that the conviction was in the County Court at Law of Wichita County.

The court further stated as follows:

"The chapter in which article 920, supra, appears is one having reference to a judgment of conviction in a criminal action before a justice of the peace. From what has been said it is apparent that the statutory enactments make a distinction on the subject in hand with reference to the conviction of a misdemnnor before the justice of the peace and the conviction of a misdemeanor in courts of higher jurisdiction. The reason for the distinction may be only a matter of conjecture. Since the statutory direction was definite in its terms, the duty of the court to apply it as written is mandatory. However, it may be said that the justice courts are limited by the Constitution (article 5 Para. 19) in criminal matters to a fine not exceeding $200, while under article 5, para. 16, other courts are given jurisdiction in misdemeanors of much higher grade and with penalties far more severe.

"From the foregoing, it is plain that the relator having been convicted in the justice court, being too poor to pay his fine, and having remained in jail more than ten days and for a time sufficient to discharge his fine, it is thought that the relator's application for a writ of habeas corpus should have been granted."

It will be noted that in the Ex Parte Fernandez case that the court clearly recognized the principle that a person who had been convicted of a misdemeanor in the justice court and who was serving his time in jail must remain in jail at least ten days and for a time sufficient to discharge his fine.

In answer to your first question, you are respectfully advised that it is the opinion of this Department that $3.00 per day is the proper rate for allowance or credit to be given prisoners who have been convicted of misdemeanors for serving time in jail or for working out their fines as provided by law in Collingsworth County, Texas. It is the further opinion of this Department that Article 920 of the Code of Criminal Procedure of Texas applies only to convictions obtained in justice courts but the same is mandatory as applied to justice courts. For example, A. B. and C are all convicted in justice courts for misdemeanor. A's fine and costs amount to $15.00; B's fine and costs amount to $30.00 and C's fine and costs amount to $45.00. Under Article 920 of the Code of Criminal Procedure, although said article allows $3.00 per day for jail service, said article further provides a minimum of ten days imprisonment. A must serve the minimum of ten days; B must serve ten days. B's fine and costs amount to $30.00, which divided by $3.00 would make ten days. C's fine and costs amount to $45.00; he is allowed $3.00 per day; he must serve fifteen days.

With reference to your second question, we find that Collingsworth County does not come within the population brackets of any exception which would give the Commissioners' Court authority to determine wages of prisoners for labor, jail service or imprisonment and your second question, therefore, is respectfully answered in the negative.

Very truly yours

ATTORNEY GENERAL OF TEXAS

By Wm. J. Fanning
Assistant

WJF:AW

APPROVED:

ATTORNEY GENERAL OF TEXAS